IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUSTIN WILSON WITHEY,
    Plaintiff,

vs.                                      Case No. 3:11cv16/MCR/CJK

SERGEANT WARD, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

    Plaintiff commenced this civil rights action on January 11, 2011, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On October 21, 2011, the Court issued an order requiring plaintiff to submit an amended complaint within thirty days. (Doc. 7). Plaintiff was warned that failure to do so would result in a recommendation that this case be dismissed. (*Id.*).

    A copy of the October 21, 2011 order was mailed to plaintiff at his address of record, the Escambia County Jail. It was returned on October 28, 2011 as undeliverable, marked "Return to Sender, No Longer At This Address." (Doc. 8). The Court ascertained plaintiff's whereabouts from the Escambia County Jail's online Inmate Lookup and, on November 28, 2011, re-mailed a copy of the order to plaintiff's stated address upon release. The mail was not returned; however, plaintiff still did not comply or otherwise respond to the October 21, 2011 order. Accordingly,

on January 12, 2011, the Court issued an order requiring plaintiff to show cause within fourteen days why this case should not be dismissed for failure to comply with an order of the Court. (Doc. 9). To date, plaintiff has not complied with the Court's October 21, 2011 order, or responded to the show cause order.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the Court.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 2nd day of February, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).